IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY M. YOUNG-BEY,

   Plaintiff,

v.                                                        Civil Action No.:  CCB-21-771

JASON JONES, *et al*.,

   Defendants.

**MEMORANDUM**

    Self-represented plaintiff Jeffrey M. Young-Bey filed the above-captioned complaint on March 25, 2021, together with a motion to proceed in forma pauperis, which the court grants.  For the reasons that follow, the complaint must be dismissed without requiring a response from defendants.

    Young-Bey is suing his parole agent Jason Jones and the Maryland Parole Commission seeking declaratory and injunctive relief as well as damages. ECF 1, p. 1. Young-Bey alleges that on February 15, 2021, Jones advised him that he had violated conditions of his parole supervision by failing to provide the name and address of his employer. *Id*., p. 2.  Jones called a meeting with Young-Bey and sanctioned him by increasing his level of parole supervision and requiring Young-Bey take a polygraph examination. *Id*., p. 3.  Young-Bey appealed Jones's decision to the Maryland Parole Commission. Approximately one week later, Jones advised Young-Bey that the Parole Commission heard Young-Bey's appeal and approved the sanctions imposed by Jones. *Id*.  Young-Bey claims that he was not notified of the charges or facts forming the basis of the violation, was not allowed a hearing before an impartial and neutral hearing officer, was not permitted to call or confront witnesses or have the assistance of counsel, and was denied a meaningful appeal. *Id*.

    Young-Bey filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.  To

guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). This court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Both Defendants are immune from suit for damages. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents to suit. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Thus, Plaintiff's complaint against Maryland Parole Commission, a State agency, is barred by the Eleventh Amendment.

Probation officers are also entitled to absolute immunity from suits for damages for alleged conduct performed in a quasi-judicial capacity, such as making recommendations regarding the granting or revocation of parole or pardons, *see Pope v. Chew*, 521 F.2d 400, 405–06 (4th Cir. 1975), or investigating, preparing, and submitting reports, *see Gilmore v. Bostic*, 636 F. Supp. 2d 496, 504–05 (S.D. W. Va. 2009). *See also Noll v. Getty*, 995 F.2d 1063 (Table), *2 (4th Cir. 1993). A determination

that a violation of a parolee's conditions of supervision has occurred is a quasi-judicial function entitled to such immunity.

As to Young-Bey's requests for injunctive relief, that claim also fails. Included in Young-Bey's complaint is a request for this court to issue an injunction enjoining "Defendants' policy and practice of allowing parole agents to unilaterally charge, judge and execute the parole violations involving their clients." ECF 1, p. 6. "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *see also SAS Institute, Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar"). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). As Young-Bey has not provided a basis to establish any of the four required elements to obtain a preliminary injunction, let alone permanent injunctive relief, his request shall be denied without prejudice.

A separate Order dismissing the Complaint follows.

__3/31/2021_____
Date

__/S/_____
Catherine C. Blake
United States District Judge